```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
MICHEL TOLIVER,                       : 10 Civ. 5803 (LTS) (JCF)
                                      :
           Plaintiff,                 :      MEMORANDUM
                                      :      AND   ORDER
    - against -                       :
                                      :
DEPT. OF CORRECTIONS N.Y.C.,          :
COMMISSIONER OF THE DEPT. N.Y.C.,     :
CHIEF OF THE DEPT. N.Y.C., WARDEN     :
OF G.R.V.C., OFFICER REMY,            :
                                      :
                                      :
           Defendants.                :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Michel Toliver brings this action pro se, alleging that excessive force was used against him while he was incarcerated at the George R. Vierno Center ("G.R.V.C.") on Rikers Island in May 2010. Mr. Toliver has sued the New York City Department of Correction ("DOC"), the City of New York ("the City"), DOC Warden K. Mulvey, and DOC Officer Remy. The defendants have submitted a letter motion seeking to dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the basis of the plaintiff's failure to prosecute and his failure to abide by a discovery order. For the reasons that follow, the motion is denied.

Background

The plaintiff filed this action on August 2, 2010, and service

1

was effected thereafter.  On December 9, 2011, the defendants served the plaintiff with their first set of interrogatories and document requests pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.  Mr. Toliver responded by asserting that he had already sent the defendants a Second Amended Complaint, but he did not provide the requested discovery responses.  (Letter of Michel Toliver dated Dec. 12, 2011).

On January 17, 2012, the defendants requested that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the plaintiff's refusal to prosecute his case and participate in discovery.  Alternatively, the defendants sought to compel the plaintiff to respond to the defendants' interrogatories and document requests.  On January 19, 2012, in response to the defendants' request, I ordered that, "[p]laintiff shall produce all requested documents and answer all interrogatories no later than February 15, 2012, failing which his complaint will be dismissed."  (Memorandum Endorsement dated Jan. 17, 2012).  The plaintiff did not comply with the order by the deadline.

On February 24, 2012, the defendants requested by letter that this case be dismissed due to the plaintiff's failure to produce all requested documents and answer all interrogatories as ordered.  (Letter of Joseph Marutollo dated Feb. 24, 2012).  In a letter dated February 27, 2012, Mr. Toliver opposed the application,

2

stating that he had complied with my "January 17, 2010" [sic] order and that he had postal receipts to demonstrate this. At that time, he did not attach the receipts, nor did he submit copies of the interrogatory answers and documents that he purportedly provided in response to the defendants' discovery requests. However, in a document dated March 9, 2012 and received by the Court on March 28, Mr. Toliver provides what he characterizes as his "second" answer to interrogatories. (Second Handwritten Answer to Interrogatories by Plaintiff ("Interrog. Ans.")). He also implies that he has no documents responsive to the defendants' document requests because any such documents were lost during a cell search on February 29, 2012. (Interrog. Ans. at 1-2).

Discussion

Rule 16(f) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A), in turn, authorizes dismissal of the action as a sanction. Rule 41(b) provides in pertinent part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Dismissal is a harsh remedy that is only appropriate in

extreme circumstances. <u>Spencer v. Doe</u>, 139 F.3d 107, 112 (2d Cir. 1998); <u>Peart v. City of New York</u>, 992 F.2d 458, 461 (2d Cir. 1993). When the plaintiff is proceeding <u>pro se</u>, the court should be particularly hesitant to dismiss the action on the basis of a failure to follow proper procedures. <u>See</u> <u>Spencer</u>, 139 F.3d at 112. Nevertheless, "litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988).

In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

<u>Spencer</u>, 139 F.3d at 112-13 (citations omitted); <u>see also</u> <u>Peart</u>, 992 F.2d at 461 (citations omitted).

The threshold question here is whether Mr. Toliver in fact complied with my order and produced the requested discovery materials. I find that he did not. Defendants' counsel has

4

represented that the plaintiff did not respond to the discovery demands prior to the end of March.  Mr. Toliver's bald assertions to the contrary are unpersuasive.  He has not proffered the mail receipts he allegedly obtained, and it is unclear in any event how such a receipt would prove the contents of the mailing.  I do not consider Mr. Toliver's allegations to be credible, and I find that he did not comply with my January 17, 2012 Order.  I will therefore proceed to consider the factors relevant to the choice of sanctions.

The duration of the delay in this case is modest.  While it has been more than three months since the defendants served their interrogatories and document requests, the plaintiff missed the court-imposed deadline for responding by a few weeks.

Mr. Toliver did receive explicit notice of the consequences of his failure to cooperate in discovery.  I advised him in my Order dated January 19, 2012 that failure to comply would result in dismissal.  Moreover, Mr. Toliver acknowledges having received my order as well as the defendants' motion and thus does not dispute that he was notified of the consequences of his continued failure to cooperate in discovery.

Perhaps most important, the delay created by the plaintiff's initial refusal to cooperate with discovery requests has caused

5

minimal prejudice.  Although the defendants were put to the burden of filing letter motions, they ultimately obtained the plaintiff's responses.

A balancing between the Court's interest in efficient adjudication and the plaintiff's interest in having his day in court favors permitting the case to proceed.  As long as Mr. Toliver does not engage in a pattern of disregarding his discovery obligations and the Court's orders, his delay in this case has not had a significant impact on the progress of the litigation.

Finally, there are sanctions short of dismissal that would be appropriate here.  First, because Mr. Toliver has not produced documents, he shall be precluded from introducing at trial or in response to any motion any document that falls within the scope of the defendant's document request.  Second, the plaintiff is warned that any further failure to comply either with his discovery obligations or with the Court's orders will result in an assessment of costs against him or dismissal of this action or both.

<u>Conclusion</u>

Based on all of the considerations set forth above, the defendants' application for an order dismissing this action as a sanction for the plaintiff's failure to comply with a discovery order is denied.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         April 10, 2012

Copies mailed this date:

Michel Toliver
10-A-4565
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

Joseph A. Marutollo, Esq.
Assistant Corporation Counsel
100 Church street
New York, New York 10007

Ronald Zapata, Pro Se Office